No. 17,053.

Denver Motor Finance Company *v.* Stevens,
doing business as Stevens Automotive Service.
(265 P. [2d] 224)

Decided December 21, 1953.

Messrs. Jenkins & Stewart, for plaintiff in error.

Mr. Robert L. McMichael, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error, being dissatisfied with part of a judgment in a replevin suit brought by it, is here by writ of error. The trial court by its judgment gave plaintiff in error the right to possession of an automobile it had replevied, conditioned upon payment of $83.33 to defendant for storage, about which it now complains and assigns error thereon.

Plaintiff in error is a Colorado corporation with offices in Denver, enge ged in making loans on automobiles. On August 11, 1950, one Lindall gave a promissory note to plaintiff for $430.20, payable in six monthly installments of $71.70 each, beginning September 11, 1950 and secured said note by a chattel mortgage on a described automobile. This chattel mortgage was recorded on August 18, 1950 in the recorder's office of the City and County of Denver, where the parties lived and where it was agreed the automobile would be kept. Thereafter the mortgagor, without making the payments as provided, and without plaintiff's consent or knowledge, removed the automobile from the City and County of Denver to parts unknown to plaintiff; however, in February 1951, Lindall obtained a Colorado license for said motor vehicle in Pueblo county. In July thereafter he took the automobile to the garage of Stevens, defendant in error, and ordered repairs made thereon and failed to pay for the repairs. Stevens held the automobile under claim of a mechanic's lien.

In the latter part of 1951, plaintiff located the automobile in Pueblo in the possession of defendant. According to the evidence a representative of plaintiff discussed the matter with defendant Stevens—just before Christmas—of their respective claims to the automobile and instead of taking possession of the vehicle, plaintiff permitted defendant to retain it for the purpose of trying to make a sale thereof in an amount sufficient to satisfy the mechanic's lien and the balance due on the mortgage in the sum of $290.00, and stated to defendant that plaintiff would have to furnish defendant a title. Just what was said between defendant and the representative of plaintiff is in dispute. Defendant testified that the following day he received a call concerning taking possession of the automobile. However that may be, the point here is that, in December of 1951, defendant knew that plaintiff in Denver claimed ownership of the automobile.

On January 14, 1952, plaintiff, under its mortgage

previously recorded, obtained a certificate of title to the automobile. Thereafter, and on August 7, 1952, defendant, attempting to comply with sections 5 through 10, chapter 101, '35 C.S.A., made application to a justice of the peace court of Pueblo county for title to said automobile and received a certificate of title based upon a constable's bill of sale. It clearly was established that defendant made no effort to serve plaintiff, who claimed to be owner, with the ten-day notice of sale in the justice of the peace court proceedings, and apparently was content with a newspaper publication of the notice.

Plaintiff commenced action in replevin in the district court on February 21, 1952 and writ of replevin was served on that date. Defendant filed a redelivery bond on February 23, and thereby retained possession of the motor vehicle. Defendant filed an answer on the 16th day of August and without denying the material allegations of plaintiff's complaint, and by way of defense, alleged that he held title by virtue of foreclosure of his mechanic's lien in the justice of the peace court proceedings. Trial was started November 10, 1952, and a stipulation was made between the parties to the effect that all of the facts alleged in both plaintiff's complaint and defendant's answer were true. After some progress in the trial, the court permitted defendant to amend its answer and continued the case until November 28. At the conclusion of the hearing the court entered its findings of fact and conclusions of law and entered judgment thereon as hereinbefore indicated, which is to the general effect that plaintiff's mortgage lien was superior to, and takes precedence over, defendant's mechanic's lien; that plaintiff was not liable for the repairs made on the automobile after the recording of its mortgage; that plaintiff is entitled to immediate possession of the automobile when, in the latter part of 1951, its representative located the automobile in defendant's possession and because plaintiff did not then take possession of said automobile, it was guilty of laches; that defendant failed to

comply with the statutes in its justice of the peace court proceedings and did not acquire title thereby; that plaintiff, failing to take possession of the automobile when first located, and permitting it to remain in defendant's possession, became liable to defendant for storage on the automobile from the latter part of 1951 to September 8, 1952 at the rate of ten dollars per month rental; and entered judgment in favor of plaintiff for possession and in favor of defendant in the sum of $83.33 against plaintiff and dispensed with the filing of a motion for new trial.

Defendant's counsel vigorously contends that plaintiff failed to comply with the statutes and numerous cases of this Court to the effect that a mortgagee must take possession of the mortgaged property within reasonable time after default. The argument is based upon the earlier statutes and decisions of this Court. The later statute being section 12, chapter 32, '35 C.S.A., which allows a mortgagee six months after the maturity of the debt within which to take possession of the mortgaged property, and preserving the lien of the mortgage during that period. Without attempting to detail the various dates involved here, the record amply supports our statement to the effect that for some time after the default and maturity of the note and mortgage involved, plaintiff did not know of the whereabouts of the mortgagor or the automobile. It acted with reasonable promptness upon locating the automobile and by some understanding, left the automobile in possession of defendant for a reason favorable to defendant, that being an effort to sell the automobile and put both parties in the clear. Plaintiff started the replevin action in 1952, and, of course, the disputed matter of possession was controlled by defendant's redelivery bond.

It is abundantly clear that defendant obtained no title through the justice of the peace court proceedings, and that under the arrangement with plaintiff about an effort to sell, and the redelivery bond, was not entitled to

charge plaintiff with storage during that period and the trial court therefore was in error in entering judgment against plaintiff in the sum of $83.33, but was right in its judgment in favor of plaintiff for possession. We do not agree with the trial court that plaintiff was, under the circumstances here disclosed, guilty of laches. In that respect, if the trial court was right in holding that plaintiff was guilty of laches, then laches would have operated against plaintiff in favor of the amount of such mechanic's lien as he might have been able to establish, instead of a judgment for storage.

The judgment is affirmed in part and reversed in part, and the cause remanded with directions to enter a judgment for plaintiff for immediate possession as prayed for in its complaint.